UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    v.                                                          17-CR-103-LJV
                                                            DECISION & ORDER
SHAWN WOODS,

          Defendant.

---

On October 19, 2021, this Court sentenced the defendant, Shawn Woods, to a term of 144 months' imprisonment for participating in a racketeering conspiracy and possessing 400 grams or more of fentanyl with the intent to distribute it. *See* Docket Item 925 at 1-2. Consistent with the parties' plea agreement, Docket Item 468, and the Presentence Investigation Report, Docket Item 664, the Court calculated Woods's United States Sentencing Guidelines ("USSG" or "Guidelines") range as being 151 to 188 months' imprisonment based on a total offense level of 33 and a criminal history category ("CHC") of II. *See* Docket Item 926 at 1. Notwithstanding that range, this Court accepted the parties' plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), which required this Court to impose a sentence of between 120 and 180 months' imprisonment. *See* Docket Item 468 at 8; Docket Item 926 at 3.

In May 2023, the United States Sentencing Commission submitted to Congress an amendment to the Guidelines regarding the calculation of certain defendants' criminal history points. As relevant here, the amendment reduced the offense level calculation for certain defendants by eliminating or reducing the status points assigned under USSG §4A1.1(d), resulting in a lower Guidelines range. On August 24, 2023, the

Sentencing Commission voted to apply the amendment retroactively, with an effective date of February 1, 2024, and on November 1, 2023, the amendment took effect.

On December 18, 2023, Woods moved under 18 U.S.C. § 3582(c)(2) to reduce his sentence.  Docket Item 1064.  In that motion, Woods calculates his new Guidelines range as 135 to 168 months and asks the Court to "issue an Amended Judgment sentencing him to a period of incarceration consistent with the new sentencing range."  *Id.* at 1-2.

Several weeks later, the United States Probation Office filed an Abbreviated Supplemental Presentence Report ("Supplemental PSR"), likewise computing Woods's Guidelines range as 135 to 168 months under the November 2023 amendment.  Docket Item 1070 at 1.  The Supplemental PSR also states that "[e]ffective February 1, 2024, the defendant will have served approximately 62 months and 29 days" and that "[h]e has earned 270 days of good time credit . . . thus far."  *Id.*  According to the Supplemental PSR, "the defendant's projected release date (without regard to the current motion for a sentence reduction) is March 15, 2028."  *Id.*

Two weeks later, the government responded.  Docket Item 1075.  The government "agrees that the status-points amendment applies to [Woods] and results in a lower guideline range."  *Id.* at 2.  The government argues, however, "that the Court's sentence of 144 months remains the appropriate sentence, considering the particular circumstances of the case and the sentencing factors set forth in Title 18, United States Code, Section 3553(a)."  *Id.*

The following month, Woods replied.  Docket Item 1081.  Woods states that "although the Court undoubtedly carefully weighed the § 3553(a) factors when it

2

imposed its original . . . sentence [in the middle of the 11(c)(1)(C) range], there are several important new variables to consider here." *Id.* at 2.  First, Woods explains, "the newly calculated sentencing range now skews toward the lower end of the range agreed upon by the parties." *Id.*  And, Woods continues, "[t]his change in the calculated range is significant, because the guidelines have an 'anchoring effect' on the ultimate sentencing decision." *Id.* (quoting *United States v. Peugh*, 569 U.S. 530, 549 (2013)).

Woods also notes that he is now in CHC I, and "[i]ndividuals in CHC I have a rearrest rate of 33.8% as compared to 54.3% in CHC II." *Id.* at 3.  Moreover, Woods observes, the Court also may consider post-sentencing conduct in its analysis of the section 3553(a) factors.  *Id.*  And, Woods says, he "has been a model inmate" during the more than five years that he has been incarcerated.  *Id.*  "He has not had any disciplinary infractions, earning all of his good behavior credit," and "[h]e has also earned 315 days for First Step Act Credit."  *Id.*  Additionally, Woods notes, he "has taken advantage of extensive programming while serving his sentence."  *Id.*

The parties agree that Woods's Guidelines range of imprisonment is now 135 to 168 months.  This Court concurs with that assessment.  And while it is true—as the government observes—that Woods's sentence of 144 months is still within the new range, this Court must evaluate whether it would have made a different decision had the current Guidelines been in place at the time of Woods's sentencing.

At the time of sentencing, the low end of Woods's Guidelines range was 151 months, and this Court chose to give Woods an even lower sentence of 144 months.  In other words, this Court weighed the Guidelines as part of the sentencing calculus and found at the time of sentencing that, based on the section 3553(a) factors, a sentence

3

below the Guidelines range was appropriate.  As noted above, the Court also accepted the parties' 11(c)(1)(C) plea agreement, which required a sentence of between 120 and 180 months.

Given all that, the Court sees no reason why it should not reduce Woods's sentence to the low end of the new Guidelines range,[1] particularly given Woods's exemplary behavior in prison.  Indeed, if the adjusted Guidelines range were the range at the time of sentencing, the Court would likely have imposed a sentence of no more than that.  What is more, that sentence—135 months—is still well within the parties' agreed-upon range.

Accordingly, this Court hereby GRANTS Woods's motion, Docket Item 1064, and ORDERS that his sentence be reduced to 135 months' imprisonment.  The Court will issue an amended judgment.

SO ORDERED.

Dated:  July 9, 2024
        Buffalo, New York

                                        */s/ Lawrence J. Vilardo*
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE

---

[1] As Woods acknowledges, this Court cannot reduce his sentence below the new range.  *See* Docket Item 1081 at 2.